## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KEITH SCROGGINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 11-cv-2560 KHV/KGG |
| v. | ) |
| | ) |
| KAHRS LAW OFFICES, P.A., | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, KEITH SCROGGINS, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, KAHRS LAW OFFICES, P.A., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. KEITH SCROGGINS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Wichita, County of Sedgwick, State of Kansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Galt Ventures, Inc. d/b/a Speedy Cash (hereinafter "Galt").

1

6.     The debt that Plaintiff allegedly owed Galt was for a payday loan, the funds of which were used for the personal use of Plaintiff and/or used for household expenditure.

7.     At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.     KAHRS LAW OFFICES, P.A., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Kansas. Defendant is registered as a Professional Association in the State of Kansas.

9.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about September 27, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt he allegedly owed to Galt.

15. On or about October 28, 2010, a lawsuit was filed against Plaintiff in the 18th Judicial District Court, County of Sedgwick, State of Kansas court captioned as *Galt Ventures, Inc. d/b/a Speedy Cash #43 v. Keith Scroggins,* with case number 10 LM 19367.

16. The aforesaid lawsuit was filed against Plaintiff relative to the debt he allegedly owed to Galt.

17. Defendant represented Galt in the aforesaid lawsuit that was filed against Plaintiff.

18. On or about November 17, 2010, a judgment was entered against Plaintiff relative to a debt he allegedly owed to Galt. (See a true and exact copy of said Judgment attached hereto as **Exhibit A**).

19. The aforesaid judgment was entered against Plaintiff in the amount of $666.55.

20. The aforesaid amount consisted of $385.00 for a principal amount for unpaid loan proceeds.

21. Pursuant to the aforesaid judgment, the principal balance of unpaid loan proceeds was to bear interest at the rate of 3% monthly from the date of judgment until the date the judgment was paid in full.

22. On or about November 23, 2010, subsequent to the judgment having been entered against Plaintiff, Plaintiff initiated a telephone call to Defendant to set up payment arrangements relative to the debt he allegedly owed.

23. On or about November 24, 2010, Defendant returned Plaintiff's telephone call and engaged in a telephone conversation with Plaintiff wherein payment arrangements relative to the debt Plaintiff allegedly owed were discussed.

24. During the course of the aforesaid telephone conversation, Plaintiff and Defendant agreed that Plaintiff would be able to make payment arrangements relative to the debt.

25. Plaintiff informed Defendant that he wanted to settle the debt for a total of $665.00.

26. Plaintiff informed Defendant that he could make monthly payments to Defendant in the amount of $75.00 until he had paid a total of $665.00.

27. Defendant told Plaintiff that it would accept Plaintiff's settlement in the amount of $665.00.

28. Defendant told Plaintiff that it would accept monthly payments from Plaintiff in the amount of $75.00 until Plaintiff had paid a total of $665.00.

29. The parties agreed that Plaintiff's monthly payments to Defendant were to be received by Defendant on or before the seventeenth (17th) of each month.

30. Defendant agreed to provide Plaintiff with a ten (10) day grace period after each payment was due.

31. The parties agreed that the first payment made by Plaintiff to Defendant was to be due on or before December 17, 2010.

32. Defendant and Plaintiff agreed to the aforementioned terms of the payment plan.

33. At no time during the course of the aforementioned telephone call did Defendant state that Plaintiff would be required to pay more than a total of $665.00.

34. At no time during the course of the aforementioned telephone call did Defendant discuss, mention and/or otherwise inform Plaintiff that he would be responsible for payment more than a total amount of $665.00.

35. Defendant's representations, as delineated above, had the effect of conveying to an unsophisticated consumer that, by the terms of the agreement entered into between the parties, Plaintiff had to pay Defendant a total of $665.00 that was to be paid in monthly installments of $75.00, the payments of which were due by the seventeenth (17th) of each month and that Plaintiff was provided a ten (10) day grace period after each payment was due.

36. On or about November 24, 2010, subsequent to the aforesaid telephone conversation between the parties, Defendant sent Plaintiff a correspondence. (See a true and exact copy of said correspondence attached hereto as **Exhibit B**).

37. In the aforesaid correspondence Defendant stated that the balance Plaintiff owed as of November 24, 2010 was $669.21.

38. Defendant's representation that Plaintiff owed a balance of $669.21 was false, deceptive and/or misleading given that pursuant to the settlement agreement entered into between the parties, earlier on that same day, Plaintiff only owed a balance of $665.00 to Defendant.

39. Defendant's representation that Plaintiff owed a balance of $669.21 misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that pursuant to the settlement agreement entered into between the parties, earlier on that same day, Plaintiff only owed a balance of $665.00 to Defendant.

40. In the aforesaid correspondence, Defendant further stated "[b]alance changes daily with interest."

41. Defendant's representation that the balance owed by Plaintiff would change daily with interest was false, deceptive and/or misleading given that pursuant to the settlement agreement entered into between the parties, earlier on that same day, Plaintiff was only required to pay a total amount of $665.00 and interest was not to accrue on that amount.

42. Defendant's representation that the balance owed by Plaintiff would change daily with interest misrepresented the character, nature and/or legal status of the debt on which Defendant was attempting to collect given that pursuant to the settlement agreement entered into between the parties, earlier on that same day, Plaintiff was only required to pay a total amount of $665.00 and interest was not to accrue on that amount.

43. On or about December 17, 2010 and on or about January 16, 2011 Plaintiff made payments to Defendant, each in the amount of $75.00.

44. Defendant accepted the aforesaid payments.

45. On or about January 14, 2011, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with Defendant.

46. Plaintiff asked Defendant if he could change the date on which his payments were due under the payment plan that the parties had entered into.

47. Plaintiff asked Defendant if he could change the date on which his payments were due from the seventeenth (17th) of each month to the twenty-fifth (25th) of each month.

48. Defendant informed Plaintiff that he could make his payments on or before the twenty-fifth (25th) of each month.

49. Plaintiff then requested that Defendant confirm that he was no longer required to make his payments by the seventeenth (17th) of each month.

50. Defendant confirmed with Plaintiff that Plaintiff was no longer required to make his payments by the seventeenth (17th) of each month.

51. On or about February 14, 2011, on or about March 24, 2011, on or about April 23, 2011 and on or about May 23, 2011, Plaintiff made payments to Defendant, each in the amount of $75.00.

52. Defendant accepted all of the aforesaid payments.

53. As of on or about June 9, 2011, Plaintiff had made six (6) payments to Defendant for a total amount of $450.

54. As of on or about June 9, 2011, Defendant had accepted payments from Plaintiff in a total amount of $450.

55. As of on or about June 9, 2011, pursuant to the terms of Plaintiff's agreement with Defendant, Plaintiff owed Defendant only $215.00.

56. On or about June 9, 2011, Plaintiff engaged in a telephone call with Defendant.

57. During the course of the aforesaid telephone call, Plaintiff asked Defendant to confirm the amount of the debt that he still owed.

58. Defendant informed Plaintiff that he owed more than $215.00.

59. Defendant informed Plaintiff that he owed over $400.00.

60. Defendant's representation that Plaintiff owed more than $215.00 was false, deceptive and/or misleading given that pursuant to the terms of the agreement entered into between Plaintiff and Defendant, Plaintiff's balance owed was only $215.00 as of on or about June 9, 2011.

61. During the course of the aforesaid telephone call, Plaintiff asked Defendant how he could owe more than $215.00 given that he had already made payments to Defendant in the amount of $450.00 relative to the debt he had allegedly owed in the amount of $665.00.

62. During the course of the aforesaid telephone call, Defendant informed Plaintiff that he owed more than $215.00 because he was being charged interest on the balance he owed to Defendant.

63. Defendant's representation that Plaintiff owed more than $215.00 misrepresented the character and/or nature of the debt on which Defendant was attempting to collect as a debt on which interest was added given that that pursuant to the terms of the agreement entered into between Plaintiff and Defendant, during the course of the telephone call on or about November 24, 2010, Plaintiff was not obligated to pay interest on the $665.00 that he allegedly owed.

64. During the aforesaid telephone conversation, Plaintiff informed Defendant that when he entered into the payment plan with Defendant, on or about November 24, 2010, that Defendant never informed him that he was to pay interest on the amount of the payment that the parties had agreed upon.

65. During the aforesaid telephone conversation, Plaintiff informed Defendant that when he entered into the payment plan with Defendant, on or about November 24, 2010, that Defendant informed him that the settlement was such that he only needed to pay a total sum of $665.

66. Alternatively, even if Defendant was permitted to charge interest on the balance owed by Plaintiff, Defendant, by attempting to collect from Plaintiff an amount in excess of $400, attempted to collect funds from Plaintiff in excess of the amount that he owed by charging

interest at a rate higher than 3% a month, which was an interest rate that exceeded the rate of interest allowable pursuant to the terms of the judgment entered against Plaintiff.

67. Alternatively, on or about June 9, 2011, even if Defendant was permitted to charge interest in the amount of 3% a month on the $215.00 balance owed by Plaintiff, Plaintiff did not owe Defendant an amount in excess of $400.00.

68. Alternatively, even if Defendant was permitted to charge interest on the balance owed by Plaintiff, on or about June 9, 2011, when Defendant informed Plaintiff that he owed in excess of $400.00, Defendant attempted to collect funds from Plaintiff that it was not legally entitled to obtain from Plaintiff.

69. Alternatively, even if Defendant was permitted to charge interest on the balance owed by Plaintiff, on or about June 9, 2011, when Defendant informed Plaintiff that he owed in excess of $400.00, Defendant misrepresented the character, amount and/or legal status of the debt on which it was attempting to collect by attempting to collect funds from Plaintiff in an amount in excess of the funds Plaintiff allegedly owed to Defendant.

70. Alternatively, even if Defendant was permitted to charge interest on the balance owed by Plaintiff, on or about June 9, 2011, when Defendant informed Plaintiff that he owed in excess of $400.00, Defendant made representations to Plaintiff that were false, deceptive and/or misleading given that Plaintiff did not owe Defendant funds in excess of $400.00.

71. Plaintiff then asked to speak to Mr. Mark Kahrs of Defendant.

72. Defendant's duly authorized representative informed Plaintiff that Mr. Kahrs did not want to speak with Plaintiff.

73. Mr. Kahrs did not speak with Plaintiff during the aforesaid telephone conversation.

74. Mr. Kahrs refused to speak with Plaintiff during the aforesaid telephone conversation.

75. On or about June 9, 2011, subsequent to the aforesaid telephone conversation, Plaintiff sent a correspondence to Defendant.

76. Upon information and belief, Defendant received the aforesaid correspondence.

77. In the aforesaid correspondence, Plaintiff reiterated to Defendant that when he entered into the payment plan with Defendant, it had informed him that his total obligation was for only $665.00.

78. In the aforesaid correspondence, Plaintiff requested that Defendant provide him with documentation regarding the amount of the balance that he owed.

79. To date, upon information and belief, Defendant has not sent Plaintiff documentation regarding the amount of the outstanding balance that he owed.

80. To date, Plaintiff has not received documentation from Defendant regarding the amount of the balance that he owed.

81. On or about June 30, 2011, pursuant to the terms of the payment plan entered into between the parties, Plaintiff made a payment to Defendant in the amount of $75.00.

82. Plaintiff made a payment to Defendant within the term of the ten (10) day grace period that Plaintiff had been afforded pursuant to the terms of the agreement of the parties.

83. Defendant accepted the aforesaid payment.

84. On or about July 6, 2011, Defendant presented the aforesaid payment for deposit.

85. As of July 21, 2011, Plaintiff had made all his payments, to Defendant in a timely manner and in accordance with the terms of the payment plan entered into between the parties.

86. Despite the fact that Plaintiff was not late on making any payments and despite the fact that Plaintiff had been paying in accordance with the terms of the payment plan, on or about July 21, 2011, Defendant issued a garnishment for Plaintiff's bank account.

87. On or about July 21, 2011, Defendant garnished Plaintiff's bank account in the amount of $242.59.

88. As of on or about July 21, 2011, Plaintiff only owed Defendant $140 relative to the debt on which Defendant was attempting to collect.

89. On or about July 21, 2011, Defendant collected funds from Plaintiff in excess of the amount Plaintiff allegedly owed to Defendant.

90. Defendant's representations to Plaintiff, on or about November 24, 2010, that Plaintiff had entered into a payment plan with Defendant for a total amount due of $665.00 was false, deceptive and/or misleading given that Defendant proceeded to garnish Plaintiff's bank account and collect a total amount of funds from Plaintiff in excess of $665.00.

91. Defendant's representations to Plaintiff, on or about November 24, 2010, that Plaintiff had entered into a payment plan with Defendant for a total amount due of $665.00 misrepresented the character, status and/or legal nature of the debt on which Defendant was attempting to collect given that Defendant proceeded to garnish Plaintiff's bank account and collect a total amount of funds from Plaintiff in excess of $665.00.

92. Alternatively, on or about July 21, 2011, even if Defendant was permitted to charge interest in the amount of 3% a month on the $140.00 balance owed by Plaintiff, Plaintiff would not owe Defendant the amount of $242.59 as garnished from Plaintiff's bank account.

93. Alternatively, even if Defendant was permitted to charge interest on the balance owed by Plaintiff, on or about July 21, 2011, when Defendant garnished Plaintiff's bank account

11

in the amount of $242.59, Defendant attempted to collect funds from Plaintiff that it was not legally entitled to obtain from Plaintiff.

94. Alternatively, even if Defendant was permitted to charge interest on the balance owed by Plaintiff, on or about July 21, 2011, when Defendant garnished Plaintiff's bank account in the amount of $242.59, Defendant misrepresented the character, amount and/or legal status of the debt on which it was attempting to collect by garnishing funds from Plaintiff in an amount in excess of the funds Plaintiff allegedly owed to Defendant.

95. On or about July 21, 2011, when Defendant garnished Plaintiff's bank account, Plaintiff incurred service and/or administrative fees in the amount of $30.00 from his bank.

96. On or about July 21, 2011, Plaintiff became aware that his bank account had been garnished by Defendant.

97. On or about July 21, 2011, after Plaintiff became aware that his bank account had been garnished by Defendant, Plaintiff initiated a telephone call to Defendant and engaged in a telephone conversation with a duly authorized representative of Defendant.

98. Plaintiff asked Defendant why his bank account had been garnished given that he had complied with the terms of the payment plan that Plaintiff had entered into with Defendant.

99. Defendant informed Plaintiff that his bank account had been garnished because Defendant had not received Plaintiff's July 2011 payment on or before the seventeenth (17th) of the month.

100. Plaintiff informed Defendant that, on or about January 14, 2011, Plaintiff and Defendant had agreed that Plaintiff could make his payments under the payment plan on or before the twenty-fifth (25th) of the month.

101. Defendant's representations to Plaintiff, made on or about January 14, 2011, that Plaintiff could make his payments under the payment plan on or before the twenty-fifth (25th) of the month were false, deceptive and/or misleading given that Defendant later informed Plaintiff, as delineated above, that he was to make payments by the seventeenth (17th) of each month.

102. Alternatively, Defendant's representations made to Plaintiff, on or about July 21, 2011, that Plaintiff had to make his payments under the payment plan on or before the seventeenth (17th) of each month were false, deceptive and/or misleading given that Defendant had previously informed Plaintiff, on or about January 14, 2011, that Plaintiff could make his payments by the twenty-fifth (25th) of each month.

103. During the course of the aforesaid telephone call, Defendant then informed Plaintiff that there was nothing Defendant could do for Plaintiff since it had already garnished his bank account.

104. Plaintiff further asked Defendant why his bank account had been garnished in an amount in excess of the funds that she still owed relative to the debt on which Defendant was attempting to collect.

105. Defendant reiterated to Plaintiff that there was nothing Defendant could do for Plaintiff since it had already garnished his bank account.

106. In its attempts to collect the debt allegedly owed by Plaintiff to Galt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

    b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

    c. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

    d. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

    e. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    f. Attempted the collection of funds from Plaintiff despite having no lawful authority to do so in violation of 15 U.S.C. §1692f(1); and,

    g. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

107. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

108. Plaintiff hereby demands a trial by jury on all issues so triable.

109. The Plaintiff, KEITH SCROGGINS, by and through his attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KEITH SCROGGINS, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                                    Respectfully submitted,
                                                    **KEITH SCROGGINS**

                                       By:    s/ D. Matthew Durgin
                                                   Attorney for Plaintiff

<u>Dated: October 6, 2011</u>

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8508 W. 90th Terrace
Overland Park, KS 66212
Telephone:  (913) 908-2313
                 (913) 871-4170
Facsimile:   (888) 418-1277
E-Mail:      mdurgin@smithlaw.us